UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH FREY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FEDERAL RESERVE BANK )<br>OF ST. LOUIS, )<br>)<br>Defendant. ) | No. 4:15-CV-737 (CEJ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for partial dismissal of the complaint for failure to state a claim. Plaintiff has not responded and the time for doing so has expired.

I. **Background**

Plaintiff Kenneth Frey filed this action *pro se* against defendant Federal Reserve Bank of St. Louis, alleging that defendant discriminated and retaliated against him, in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq*. In the complaint, plaintiff also states that he believes he was discriminated against because of his gender. He asserts that the discrimination occurred from January 2, 2004 to November 3, 2010. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on January 12, 2011, alleging age discrimination and retaliation from 2009 to November 3, 2010. He also attempted to file a charge of discrimination with the Missouri Commission on Human Rights (MCHR), but the agency determined that it lacked jurisdiction over the matter and administratively closed the case.

As grounds for the instant motion, defendant asserts that plaintiff failed to exhaust administrative remedies with respect to his claim of sex discrimination and that any discriminatory or retaliatory acts that allegedly occurred prior to July 16, 2010 are administratively time-barred.

**II.     Legal Standard**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-84 (2009) (holding that the pleading standard expounded in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

When ruling on a motion to dismiss, a court generally may not consider matters outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). It may, however, consider matters of public records, materials that do not contradict the complaint, exhibits attached to the pleadings, and materials necessarily embraced by the complaint. Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010). In this case, plaintiff has attached exhibits to his complaint, including the charge of discrimination he filed with the EEOC and the notice of right to sue he received. These materials are necessarily embraced by the complaint, and the Court may consider these in ruling on the motion to dismiss.

### III. Discussion

#### A. Gender Discrimination

In the complaint, plaintiff asserts that he was discriminated against because of his gender. Title VII prohibits discrimination in employment on the basis of gender. Fiero v. CSG Sys., Inc., 759 F.3d 874, 878 (8th Cir. 2014); see 42 U.S.C. § 2000e-2(a)(1). A Title VII plaintiff must exhaust administrative remedies before bringing suit in federal court. Cottrill v. MFA, Inc., 443 F.3d 629, 634 (8th Cir. 2006). To exhaust administrative remedies, a plaintiff must first timely file an administrative charge with the EEOC. Id.; 42 U.S.C. § 2000e-5(e). "The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005). Plaintiff filed a charge of

3

discrimination with the EEOC on January 12, 2011 and received notice of his right to sue on February 9, 2015. [Doc. #1-1].

"If the EEOC gives the individual a right-to-sue letter following the EEOC investigation, the charge limits the scope of the subsequent civil action because the plaintiff may only seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." Cottrill, 443 F.3d at 634 (internal quotations omitted). While the Eighth Circuit has stated it "will liberally construe an administrative charge for exhaustion of remedies purposes," the court also has recognized that "there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." Parisi, 400 F.3d at 585 (quoting Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996)). "Permitting claims to be brought in court which are outside the scope of the EEOC charge would circumscribe the EEOC's investigatory and conciliatory role and deprive the charged party of notice of the charge." Cottrill, 443 F.3d at 634.

In his EEOC charge of discrimination, plaintiff checked the boxes for "retaliation" and "age" when citing the bases on which he claims he was discriminated against, leaving the box for "sex" unchecked. In discussing the particulars of his charge, plaintiff wrote that he was constructively discharged because of his age and was denied training opportunities and subjected to different terms and conditions of employment as compared to younger employees. In the complaint, plaintiff lists both age and gender discrimination. However, the factual allegations in the complaint pertain only to the claim of age discrimination. Neither EEOC charge nor the complaint contain facts concerning discriminatory or

4

retaliatory acts related to plaintiff's sex or gender. Nor is any claim of gender discrimination in the complaint "like or reasonably related to" plaintiff's claims of age discrimination and retaliation in the EEOC charge. See Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994) ("A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC.").

Because plaintiff failed to exhaust administrative remedies for his gender discrimination claim, this claim will be dismissed.

### B. Alleged Discriminatory Acts Prior to July 16, 2010

To maintain as claim under the ADEA, a plaintiff must file a charge of discrimination with the EEOC within 180 days after the alleged unlawful practice occurred. 29 U.S.C. § 626(d)(1)(A). The filing deadline is extended to 300 days if the state in which the alleged discrimination occurred has a law prohibiting age discrimination in employment and has established a state authority to grant relief from such discriminatory practice. See §§ 626(d)(1)(B), 633(b). The Missouri Human Rights Act (MHRA) makes it unlawful for any employer to discriminate on the basis of age and tasks the MCHR to hear and investigate complaints involving alleged discriminatory practices under the MHRA. Mo. Rev. Stat. §§ 213.020.1, 213.030.1, 213.055.1. As such, as a general matter, individuals having complaints of employment discrimination over which the MCHR has jurisdiction must comply with the 300-day filing deadline.

Defendant first urges the Court to find that the 180-day filing deadline applies to plaintiff's age discrimination claims, rather than the 300-day deadline,

5

because defendant argues it is a federal government entity over which the MCHR declined to exercise jurisdiction. Also, defendant argues that plaintiff's charge of discrimination refers to discrete acts instead of a continuing violation, and thus any alleged discriminatory or retaliatory acts occurring 180 days prior to the filing date with the EEOC are time-barred.

Regardless of whether the 180- or 300-day deadline applies, the time period for filing a charge of discrimination with the EEOC is subject to the doctrines of waiver, estoppel, and equitable tolling. E.g., Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). The "continuing violation" theory is one such equitable exception. For discrimination claims, discrete acts "such as termination, failure to promote, denial of transfer, or refusal to hire" are "not actionable if time barred, even when they are related to acts alleged in timely filed charges." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). In contrast, a charge of discrimination alleging a continuing violation, such as a hostile work environment, "will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." Id., at 122. This is because this type of claim "is composed of a series of separate acts that collectively constitute one unlawful employment practice." Id. at 117 (quotations omitted). "Such claims are based on the cumulative effect of individual acts." Id. at 115.

For purposes of the instant motion to dismiss, where the Court must read the factual allegations in the complaint in the light most favorable to plaintiff, the Court cannot find that plaintiff has alleged discrete acts of discrimination instead of a continuing violation. The only discrete violation plaintiff enumerated is his

6

discharge, which falls within the limitations period and does not rely on the continuing violation theory. In the EEOC charge, plaintiff claimed that he was denied training opportunities and subjected to different terms and conditions of employment based on his age from 2009 to November 3, 2010.[1] "The 'unlawful employment practice' therefore cannot be said to occur on any particular day." Id. at 115. Rather, "[i]t occurs over a series of days or perhaps years." Id. Accepted as true, these acts plausibly constitute repeated conduct that is part of the same unlawful employment practice with liability based on the cumulative effect of individual acts. It would be premature to conclude that any acts within the time period alleged in the charge of discrimination are time-barred at this stage in the proceedings, and the Court declines to do so.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #17] is **granted in part and denied in part**.

An order of partial dismissal will accompany this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of July, 2015.

---

[1] The discriminatory acts alleged in the complaint are like or reasonably related to the claims in the administrative charge. However, in the complaint plaintiff asserts the discrimination began on January 2, 2004 instead of in 2009. The Court cannot reasonably infer alleged acts of discrimination five years prior to the initial start date are also a part of the same continuing violation. As such, plaintiff is barred from recovering damages for events earlier than 2009. Cf. Kline v. City of Kansas City, Fire Dep't, 175 F.3d 660, 665 (8th Cir. 1999) ("[E]ven if a plaintiff is unable to show a continuing violation, instances of harassment occurring outside the limitations period may be admissible to provide relevant background to later discriminatory acts. Damages, however, may be recovered only with respect to events that occurred with the limitations period.") (internal quotations, ellipses, and citations omitted).