UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH FREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:15-CV-737 (CEJ) |
| ) | |
| FEDERAL RESERVE BANK ) | |
| OF ST. LOUIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to compel plaintiff to serve proper initial disclosures and responses without objection to defendant's discovery requests pursuant to Rule 37 of the Federal Rules of Civil Procedure. Plaintiff has not responded, and the time to do so has expired.

### I. Background

Plaintiff Kenneth Frey filed this action *pro se* against his former employer, defendant Federal Reserve Bank of St. Louis, alleging that the bank discriminated and retaliated against him on the basis of age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq.* A case management order was entered on September 1, 2015. The order required the parties to make all Rule 26(a)(1) disclosures no later than September 25, 2015. [Doc. #26].

Defendant served its initial disclosures on plaintiff on September 23. The next day, plaintiff served on defendant a document entitled "Disclosure of Interests," in which plaintiff provided the names and phone numbers of witnesses upon which he intended to rely. The document did not provide a copy or description of all documents plaintiff might use to support his claims or defenses

and did not provide a computation of each category of damages claimed by plaintiff. See Fed. R. Civ. P. 26(a)(1)(A)(ii)–(iii). Defendant notified plaintiff of these deficiencies by electronic and first class mail on September 28. Plaintiff responded by e-mail that he had received the correspondence and was working on a response with advice from an attorney.

On October 6, 2015, defendant served its first request for production of documents and its first set of interrogatories on plaintiff. Plaintiff did not respond to these discovery requests. On November 10, defendant sent a letter to plaintiff again addressing his initial disclosure deficiencies, as well as his failure to timely respond to discovery requests. Defendant noted that it would provide plaintiff an extension of time until November 16 to serve proper initial disclosures and his responses to the discovery requests, after which defendant would seek a motion to compel. Plaintiff initially responded by e-mail that he was meeting with his lawyer the coming Monday and would respond back after that meeting. Plaintiff sent a subsequent e-mail that same day stating that he was unable to comply with defendant's requests without legal knowledge and planned to meet with a lawyer on November 16 to seek legal assistance.

Defendant did not receive any responses to discovery from plaintiff by November 19. On that date, defendant sent plaintiff an e-mail notifying him that, despite allowing plaintiff additional time to seek advice from counsel and provide discovery responses, defendant had not received the requested responses or any further communication from him. Defendant informed plaintiff that it intended to file a motion to compel with the court and invited plaintiff to contact defense counsel to discuss the matter. As of the date of the filing of defendant's motion to

compel on November 23, plaintiff had not contacted defendant nor otherwise responded to discovery.

## II. Discussion

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "A district court is afforded wide discretion in its handling of discovery matters." Cook v. Kartridg Pak Co., 840 F.2d 602, 604 (8th Cir. 1988).

Because the rules of discovery are broad, the burden is typically on the party resisting discovery to explain why discovery should be limited. Jo Ann Howard & Assocs., P.C. v. Cassity, 303 F.R.D. 539, 542 (E.D. Mo. 2014). That is, after the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993); St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511–12 (N.D. Iowa 2000). The party resisting discovery "must demonstrate to the court 'that the requested documents either do not come within the broad scope of relevance

3

defined pursuant to Fed. R. Civ. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" St. Paul Reinsurance Co., Ltd., 198 F.R.D. at 511–12 (quoting Burke v. New York City Police Dep't, 115 F.R.D. 220, 224 (S.D.N.Y. 1987)).

Defendant seeks discovery it is entitled to as initial disclosures under Rule 26(a)(1) and other information and documents relevant to potential claims or defenses pursuant to Rule 26(b)(1). Defendant has conferred or otherwise attempted to confer with plaintiff in good faith in an effort to obtain the disclosures and discovery sought without court action. Plaintiff has failed to respond to the instant motion, and thus has not met his burden of explaining his objections to defendant's discovery requests. See E.D.Mo. L.R. 3.04 ("Upon the filing of a motion to compel, the Court may summarily overrule an objection to any discovery request if the object is not stated in detail.").

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel [Doc. #29] is **granted.** Plaintiff shall provide defendant proper initial disclosures and responses to defendant's discovery requests no later than **December 23, 2015.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of December, 2015.