UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH FREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:15-CV-737 (CEJ) |
| | ) | |
| FEDERAL RESERVE BANK | ) | |
| OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on plaintiff's motion to extend his case. No pending deadlines existed when plaintiff filed his motion for an extension of time; however, reading the motion in the light most favorable to plaintiff, the Court will construe it as a request for an extension of time to comply with defendant's discovery requests. Defendant has responded in opposition with a motion to dismiss plaintiff's complaint with prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2)(A) and 41(b).

Throughout the course of this litigation, plaintiff has repeatedly refused to comply with the requirements of discovery set forth in the Federal Rules of Civil Procedure. Plaintiff has known about these obligations since attending the scheduling conference on September 1, 2015. The case management order entered in this case required the parties to serve all disclosures required by Rule 26(a)(1) no later than September 25, 2015. Plaintiff's responses to defendant's first request for production of documents and first set of interrogatories were due by November 5, 2015. Plaintiff did not comply with these deadlines. In an attempt to resolve the discovery dispute outside the purview of the Court, defendant

allowed plaintiff until November 16 to serve his initial disclosures and respond to its discovery requests. Plaintiff did not meet this deadline either.

On December 8, the Court granted defendant's motion to compel and ordered plaintiff to serve his initial disclosures and respond to discovery requests no later than December 23. Plaintiff did not comply with this deadline either. Defendant thereafter filed a motion to dismiss the complaint pursuant to Rule 37(b)(2)(A), to which plaintiff responded in opposition. The Court denied the motion to dismiss, noting that dismissal under Rule 37(b)(2)(A) "may be considered as a sanction only if there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000). Because dismissal with prejudice is an extreme sanction and plaintiff's disobedience of the order did not appear to be willful at that time, the Court allowed plaintiff a final opportunity to comply with his discovery obligations by no later than February 22, 2016. Plaintiff was warned: **"Failure to comply with this order may result in dismissal of this action with prejudice."** Order, at *3 [Doc. #38] (emphasis in original).

Plaintiff now seeks an extension of the February 22 deadline because of "an emergency in the family." Pl.'s Mot. [Doc. #39]. No further detail or explanation describing the need for the extension is given. Also, no date is proposed by which plaintiff expects he could comply with discovery. Moreover, the request was filed three days after the deadline had already passed. As explained above, plaintiff has had numerous opportunities to pursue his claim in compliance with the requirements of discovery set forth in the Federal Rules of Civil Procedure. The Court's last order allowed plaintiff an additional 30 days to fulfill his discovery

2

obligations, after plaintiff had already had more than two months of extensions of time from the original deadlines to serve his initial disclosures and respond to discovery requests. Plaintiff's untimely and unsubstantiated excuse for his failure to utilize his final opportunity to comply with discovery obligations is wholly inadequate. The Court will deny his request for an extension of time.

Furthermore, the Court finds it appropriate to grant defendant's motion to dismiss this action under Rule 37(b)(2)(A) due to plaintiff's willful violations of discovery orders and the resulting prejudice to defendant in its ability to mount a defense. See also Fed. R. Civ. P. 41(b) (authorizing a defendant to move to dismiss an action if the plaintiff fails to comply with the Federal Rules of Civil Procedure or a court order).[1] Plaintiff's failure to participate in discovery has rendered the deadlines in the case management order meaningless and has created unwarranted delay. The Court has no confidence that affording plaintiff further opportunities to produce discovery will result in compliance.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for an extension of his case [Doc. #39] is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [Doc. #40] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2016.

---

[1] A monetary sanction would be ineffective, because plaintiff is proceeding in forma pauperis.